**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-836C

(Filed: October 3, 2014)

FILED

OCT - 3 2014

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                          *
WILLIAM DEAN CARPENTER,                   *
                                          *
                Plaintiff,                *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
                Defendant.                *
                                          *
*****************************************
```

## ORDER OF DISMISSAL

WHEELER, Judge.

On September 8, 2014, Plaintiff William Carpenter filed a *pro se* complaint against the United States and various past and current federal officials. The complaint alleges a claim of illegal confinement in violation of the United States Constitution. More specifically, Mr. Carpenter alleges that his confinement following a guilty plea was illegal because Title 18 of the United States Code is unconstitutional. Compl. 5; Supplemental Information to Exs. 10. Although the United States Court of Federal Claims has jurisdiction over certain Constitutional claims and claims of unjust imprisonment, this action falls outside the scope of that authority and must be dismissed for lack of subject matter jurisdiction.

The Court of Federal Claims is a court of limited jurisdiction. Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act confers jurisdiction to this Court and expressly waives sovereign immunity for "any claim against the United States founded [ ] upon the Constitution." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act "does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing United States v. Mitchell, 463 U.S.

206, 216 (1983) and United States v. Testan, 424 U.S. 392, 398 (1976)). "In the parlance of Tucker Act cases, that source must be 'money-mandating.'" Id. (citing Mitchell, 463 U.S. at 217 and Testan, 424 U.S. at 398).

Mr. Carpenter brings a claim seeking damages for alleged illegal confinement in violation of Article One and the Fifth, Eighth, Ninth, and Tenth Amendments of the United States Constitution. Compl. 1. Although the Tucker Act confers jurisdiction to this Court over Constitutional claims, any allegedly violated provision must itself be money-mandating. Id.; See 28 U.S.C. § 1491(a). Constitutional claims other than a Fifth Amendment taking claim "do not state a cause of action for monetary relief against the United States" in the Court of Federal Claims. Frank's Livestock & Poultry Farm, Inc. v. United States, 17 Cl. Ct. 601, 607 (1989), aff'd, 905 F.2d 1515 (Fed. Cir. 1990). In this case, the Court lacks subject matter jurisdiction under the Tucker Act because Mr. Carpenter does not allege a taking claim.

Pursuant to 28 U.S.C. §§ 1495 and 2513 (2012), this Court can also adjudicate certain claims for unjust conviction and imprisonment. This is not such a claim. Jurisdiction conferred by Section 1495 is limited to a plaintiff who proves that "his conviction has been reversed or set aside on the ground that he is not guilty . . . or that he has been pardoned." § 2513(a). Mr. Carpenter does not allege that his conviction has been reversed or that he has been pardoned, and therefore his claims do not meet a threshold requirement of Section 1495.

In sum, where an individual alleges a Constitutional violation, the Constitutional provision must be money-mandating. Where an individual seeks damages for unjust imprisonment, he must plead facts that satisfy the requirements of 28 U.S.C. § 2513. Specifically, a plaintiff must both allege and prove that he is innocent of the offense for which he was imprisoned. In this case, the allegedly violated Constitutional provisions are not money-mandating, and Mr. Carpenter does not allege or prove that he is innocent. As a result, Mr. Carpenter does not bring an action within the jurisdiction of this Court.

## Conclusion

For the reasons set forth above, Mr. Carpenter has failed to state a cause of action within the jurisdiction of the Court of Federal Claims. Accordingly, this case is hereby DISMISSED.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge